IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN BYRNES, M.D.

      Plaintiff,

vs.                                                                    Civil No. 99-896 DJS/WWD

SAINT FRANCIS HOSPITAL, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion to Compel Responses to Plaintiff's First Set of Interrogatories and Requests for Production, filed February 4, 2000 **[docket # 34]**. According to Plaintiff's reply, the disputed discovery requests have been pared down to Interrogatories Nos. 1, 2, 3, and 4, and Requests for Production 8, 12, 13, and 14.[1]

*Interrogatories Nos. 1 through 4*

I agree with Plaintiff that Interrogatories 1 through 4 go to the core of St. Francis' defense that Dr. Lucas lacked actual or apparent authority to amend Dr. Byrnes' severance agreement on August 18, 1998. Defendant's statement that "further approval of St. Francis may have been required to execute this amendment" qualifies more as a teaser than a response. The scope of discovery in federal court easily requires that Plaintiff be provided with information regarding who, if not Dr. Lucas, *did* have the authority to execute such agreements and who else was involved in the process of negotiating Dr. Byrnes' employment agreement with him. See Rich v. Martin Marietta Corp., 522 F.2d 333 (10th Cir. 1978) (it is well established in this circuit and

---

[1] Plaintiff includes request no. 2 on one page of the reply, but notes in a footnote that Defendant provided the responsive document on January 27, 2000.

elsewhere that the scope of discovery is limited only by relevance and burdensomeness).

On or before February 29, 2000, Defendant shall completely respond to these interrogatories, including: (1) all individuals involved in employment negotiations with Dr. Byrnes; (2) the factual basis to support its contentions in interrogatories 1 and 4 that further approval was required by St. Francis; and (3) evidence that supports St. Francis' contention that Lucas knew, as of August 18, 1998, that his termination from St. Francis was "imminent." Where Defendant contends that no evidence exists, Defendant shall clearly so state.

*Requests for Production No. 8, 12, 13, and 14*

On or before February 29, 2000, Defendant shall also provide Plaintiff with the organizational charts requested in Request No. 8[2], and the information requested in Nos. 12 through 14 relating to severance agreements given to other employees. Defendant's reasonable objection of privacy as to certain information in these documents can be addressed by an appropriate protective order submitted to the Court by Defendant.

Sanctions and attorney fees will not be imposed in connection with this motion.

Discovery shall proceed in accordance with the foregoing.

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

---

[2] In its response, Defendant states that it planned to supplement both Interrogatories No. 1 through 4 and Requests for Production 2, 8 and 12 within ten days of the response, which was served on Plaintiff on January 18th. Nevertheless, I am considering all discovery requests included in Plaintiff's reply as still in dispute in order to avoid revisiting the issue in the event Defendant has not carried out its good intentions.